# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW BRIAN BISHOP, | ) | CASE NO. 4:19-CV-1113 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| RESPONDENT. | ) | |

On May 17, 2019, petitioner Andrew Brian Bishop ("Bishop") filed a *pro se* Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241 (Doc. No. 1 ("Petition").) He subsequently filed a counseled Memorandum in Support for Good-Time Credits (Doc. No. 2 ("Memo.").) In his petition, and through his memorandum in support, Bishop seeks an order directing the Bureau of Prisons ("BOP") to award him good-time credits at a rate of 54 days per qualifying year, as required by the First Step Act of 2018. (Memo. at 12.[1]).

Respondent United States of America (the "government") moves to dismiss (Doc. No. 5 ("MTD")). The government seeks dismissal of this action, arguing that the Petition is premature because: (1) the statutory amendment to federal good-time credit has not yet taken effect, and (2) Bishop has yet to exhaust his administrative remedies. (MTD at 28.).

Subsequent to the filing of this action, Bishop was released from federal prison.[2] *See*

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

[2] Through an error in assignment, this case was originally assigned to the docket of the Honorable John R. Adams. On July 19, 2019, after the government filed its motion to dismiss, the matter was reassigned to the docket of the undersigned.

BOP Inmate Locator, https://www.bop.gov/inmateloc/ (Andrew Brian Bishop, BOP Register No. 60448–060, release date July 1, 2019) (last visited Sept. 19, 2019). This release renders his petition moot. *See, e.g., United States v. Sirois*, 1:11-cr-00206-JAW-2, 2019 WL 1923632, at *1 (D. Me. Apr. 30, 2019) (noting that "[e]ven if [petitioner] were entitled to receive good time, the Court cannot rewind the clock and grant him a retroactive credit since he is already released. In other words, [Petitioner's] request to be released early is now moot because he has been released"); *see also Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986) (holding that a case is moot and outside the court's jurisdiction if "events occur during the pendency of a litigation which render the court unable to grant the requested relief"); *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S. Ct. 402, 30 L. Ed. 2d 413 (1971) (mootness is a jurisdictional issue, which may be raised by a court *sua sponte*).

Accordingly, and for the foregoing reasons, the Petition and the government's motion to dismiss are DENIED as MOOT. This case is closed. Further, the Court CERTIFIES that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: December 13, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**